The Board of Public Education of the School District of Pittsburgh, Petitioner *v.* Eleanora Thomas, Respondent.

Argued February 9, 1979, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Persifor S. Oliver, Jr.,* Assistant Solicitor, with him *Robert J. Stefanko,* for petitioner.

*Michael J. McCaney Jr.,* with him *Stanford A. Segal,* and *Gatz, Cohen, Segal and Koerner,* for respondent.

OPINION BY JUDGE BLATT, April 3, 1979:

In this case the Board of Public Education of the School District of Pittsburgh (Board) has appealed

from a decision of the Secretary of Education (Secretary) reinstating Eleanora Thomas (respondent) to her position as training specialist. Three issues are raised by the Board: did the Secretary improperly consider an issue not raised in the respondent's petition for appeal; was the Secretary justified in finding that the respondent's demotion was arbitrary; and may the Secretary reinstate an employee to a position in a department which has been abolished?

The respondent is a professional employee and was employed by the School District as a training specialist until she was demoted to the position of home and school visitor, effective January 1, 1976. Although the Board initially rejected her request for a hearing on the demotion, a hearing was eventually held on February 23, 1977,[1] at which there was testimony given that student enrollment had been declining substantially over the last five years, that a deficit of 4.2 million dollars was anticipated in 1976,[2] and that there was a "general feeling that [the] school district was top-heavy administratively." In light of these circumstances, the Board adopted a budget for 1976 which eliminated 130 positions, including all of the positions in the Division of Review where the respondent was employed. There was also testimony that staff reductions and demotions were attempted to be made in a manner which would least directly affect the instruc-

---

[1] The Board's position was that, since the demotion was not based on impropriety or incompetence, the respondent was not entitled to a hearing. An appeal was taken to the Secretary, however, who subsequently ordered the Board to hold a hearing.

[2] In fact, the anticipated deficit never materialized because of two intervening strikes, during which the school district did not pay wages. As the Secretary recognized, however, the fact that the Board's "reasons turn out at some future point in time to have been erroneous does not enter into a determination of whether the demotions were arbitrary as long as the facts upon which the demotions were based were reasonably believed to have been accurate."

tional process, and that it was thought that the functions of this particular division "could be absorbed within other sections or divisions." The Board ratified the respondent's demotion, but the Secretary reversed on appeal and ordered that she be reinstated to her former position, concluding that the demotion was arbitrary because the respondent had saved the school district considerably more money than she was paid and because declining student enrollment did not justify demoting the respondent, for she had little if any contact with students. The Board's appeal to this Court followed.

The Board contends first that, although the issue was argued before the Secretary, the respondent in her petition to the Secretary failed to allege that her demotion was arbitrary or discriminatory. This is conceded by the Secretary in footnote 1 of her opinion, which reads:

> It is noted that nowhere in the appeals filed by counsel for Thomas . . . with the Secretary of Education is it asserted that the demotions were made in an arbitrary or discriminatory manner. The sole issue raised specifically in the appeals is the question of whether the proper amount of back pay was awarded by the District.[3]

While we do not condone the procedural laxity which obviously occurred here, as a result of which there was a lack of notice to opposing counsel, we perceive no prejudice to the Board in this case and none is alleged. We shall therefore proceed to consider the validity of the respondent's demotion.

"For the demotion to be overturned on other than procedural grounds, the employee has the burden of

---

[3] The award of back pay by the Board for the period between the demotion and the hearing was sustained by the Secretary and is not at issue in this appeal.

proving the action to be arbitrary, discriminatory or founded upon improper considerations. Lucostic v. Brownsville Area School District, 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972).'' *Sharon City School District v. Hudson,* 34 Pa. Commonwealth Ct. 278, 286, 383 A.2d 249, 253 (1978). And there is a presumption that the action of a school board in such a case is valid. *Department of Education v. Kauffman,* 21 Pa. Commonwealth Ct. 89, 343 A.2d 391 (1975). Applying these criteria to the case at hand, we do not think that the Secretary was justified in overruling the Board.

Although the declining student enrollment did not directly affect the respondent's responsibilities and she may well have saved the school district more money than she cost it, which are valid matters for consideration,[4] we do not believe that this constitutes substantial evidence that the Board's action was arbitrary. An arbitrary action is one "based on random or convenient selection rather than on reason."[5] Moreover, an action is not arbitrary merely because it does not effectuate a policy in the most effective or efficient

---

[4] We do not mean, however, to sanction a strict cost-benefit approach in dealing with employee demotions. In the first place, we question whether the Secretary can limit the discretion of a local school board by requiring that, in times of financial difficulty, demotions be made on the basis of whether the employee saves the district more than his or her salary costs. Secondly, the focus of such an approach, at least in this case, seems too narrow to be of much value; that is, while the respondent may have saved the district money, the abolished division as a whole may have been costing the district more than the respondent was saving it. Thus, the money saved from abolishing the division, including the respondent's position, would be greater than that saved by retaining the respondent's position.

[5] Webster's Third New International Dictionary 110 (1966); *see Temple University v. The Associated Hospital Service of Philadelphia,* 361 F. Supp. 263 (E.D. Pa. 1973) (no rational basis).

manner, so long as it has some rational basis. In the case before us the Board was required to eliminate some programs and positions in order to deal with an anticipated deficit; it chose to eliminate the Division of Review and, consequently, the respondent's position. As to its reasoning, its witnesses testified that the district was top-heavy administratively, that reductions and demotions were attempted to be made in a manner which would least directly affect the instructional process, and that the functions of the Division of Review could be performed elsewhere. We are unable to agree, therefore, that the decision to abolish the respondent's department, and hence to demote her, was arbitrary.

In light of this conclusion, we must reverse the Secretary's decision and forego a discussion as to whether or not the Secretary could have reinstated the respondent to an abolished position.

ORDER

AND Now, this 3rd day of April, 1979, the order of the Secretary of Education in the above-captioned matter is hereby reversed, and the decision of the Board of Public Education of the School District of Pittsburgh is reinstated.