Bernard Schultz et al. *v.* Zoning Hearing Board of West Wyoming Borough. John Milazzo, Appellant.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*J. Earl Langan,* for appellant.

*Robert T. Panowicz,* with him *Anthony B. Panaway,* for appellees.

OPINION BY JUDGE BLATT, July 21, 1982:

The appellant, John Milazzo, appeals an order of the Court of Common Pleas of Luzerne County re-

versing a decision of the Zoning Hearing Board of the Borough of West Wyoming to approve the issuance of a use permit to Meon Metal, Inc.[1]

On June 25, 1979, the Borough's zoning officer issued a use permit to Meon Metal to operate a sheet metal manufacturing business on property owned by the appellant.[2] The zoning officer submitted the permit application to the Borough Council and it appears that the Council disapproved the application on August 13, 1979 at one of its regular meetings although the record does not reveal its reason for doing so. At a special meeting held on August 23, 1979, however, the Council reversed its previous action and approved the grant of the permit. A number of objectors, including the appellees here,[3] filed an appeal to the Borough's Zoning Hearing Board (Board) on September 15, 1979, challenging the issuance of the permit. Again the record is unclear, but it seems that at the time of the appeal there were no members then on the Board. On October 8, 1979 the Council appointed three persons to the Board which as then reconstituted held hearings and determined that the appeal had not been timely filed[4] and that, on the merits of their appeal, the objectors had not met their burden of proof. Upon

---

[1] This appeal was brought by John Milazzo, the owner of the property in question. Meon Metal, Inc. which participated in the proceedings below is not a party in this appeal.

[2] The property was located in an R-2 residential district but the building thereon had been previously utilized as a cookie/pastry warehouse and existed as a nonconforming use. The Borough's zoning code allows an abandoned nonconforming use to be replaced within one year by an equal or lesser nonconforming use.

[3] Bernard and Anna Schultz and Edward and Mary Ann Yorina. The record indicates that a number of other persons participated as objectors below, but are not named as appellees in this appeal.

[4] The Board stated that "at least one and possibly all of the [objectors] had knowledge of the fact that a permit had been is-

further appeal, the court below took additional evidence and found that the appeal had been timely filed and that the use permit, not having been properly issued, must be set aside. This appeal followed.

Section 915 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10915, provides:

> No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest.

The appellant argues that the objectors were required under this section to file their appeal to the Board within 30 days of the zoning officer's decision of June 25, 1979 granting the use permit and that their failure to do so leaves this Court with no jurisdiction over the instant action.[5] It is maintained that the 30-day limitation of Section 915 of the MPC could be extended only if the objectors had alleged in their

---

sued to Meon to conduct its operations a length of time greatly exceeding the 20 day appeal period provided for in the Zoning Ordinance." Section 8.221 of the Borough's Zoning Ordinance requires appeals to the Board to be taken within 20 days of any zoning officer's decision.

[5] The appellant presses this appeal based upon Section 915 of the MPC and does not argue here that the 20-day limitation in the Borough's ordinance is applicable.

appeal and proved to the Board's satisfaction that they had no notice, knowledge or reason to believe that the permit had been granted. It is further argued that their failure so to allege and prove requires a dismissal of their appeal.

In the present case, the court below noted that at least one of the objectors[6] did not know that a permit had been granted until after the August 23 decision by the Council, that she could not have been reasonably aware that the permit may have been approved prior to that time and that such unawareness was sufficient to toll the running of the statutory appeal period.[7] We are not persuaded by the appellant's argument that this lack of knowledge required to be found on the part of at least one objector must have been specifically alleged in the objectors' appeal to the Board. It is true that Section 915 provides that a person "alleges and proves" that he had no knowledge of the permit approval, but such a literal procedural interpretation as the appellant seeks would effectively defeat the purposes of that section. Moreover, in cases such as this, it is unclear at exactly what point in time, if at all,[8] the permit approval was granted.

The Borough zoning officer testified that after he rendered a decision on a permit application, it was always customary for that application to be presented to the Council for its approval or rejection. Record at 142a-143a. And, although the objectors' petition

---

[6] Anna Schultz, one of the appellees herein.

[7] We believe as the court below evidently concluded that it is necessary that only one of the objectors lacked knowledge of the approval of the permit in order to come within the exception contained in Section 915, not that all of the objectors must have fallen within that exception as the Board apparently required. *See* fn. 4.

[8] As will be discussed hereinafter, it is unlikely that an effective permit approval was *ever* granted in this case.

for appeal to the Board does purport to challenge the decision of the zoning officer rather than that of the Borough Council, we must agree with the trial court that, under these facts, the objectors had no reason to believe that the zoning officer's approval would have become effective prior to action of Council and under such circumstances, they would have had no idea that their appeal may have been untimely. It would therefore be incongruous for us to require them to allege in their initial appeal that the time limitation of Section 915 should be tolled because they did not know when the permit was approved. We must consequently hold that the objectors filed their appeal in a timely and proper manner.

The appellant also questions the lower court's reversal of the Board's decision on the merits of this appeal.[9]

The trial court explained its reasons as follows:

> In any event, it appears clear that the Borough's action in issuing the permit was a nullity. Section 8.421 of the Ordinance[10] grants authority to the Zoning Hearing Board to hear and decide applications for change from one nonconforming use to another under Section 2.061[11] by means of special exception.

---

[9] The appellant did not raise this issue in the statement of questions presented in his brief as required by Pa. R.A.P. 2116(a) and only noted the question in passing in his summary of argument. We would therefore not normally render a decision on this point, but in the interests of judicial thoroughness we will consider it.

[10] Section 8.421 provides in pertinent part that "[t]he Board shall have the power to hear and decide requests for special exceptions set forth in this Ordinance as follows: . . . 2.061. . . ."

[11] Section 2.061 provides in pertinent part that "a nonconforming use of a building may be changed to another nonconforming use of the same or of a more restricted classification."

This procedure was not followed in the matter before us.

Here, the Zoning Officer and/or Borough Council apparently decided the issue in the first instance which either was not authorized to do under the zoning ordinance. Subsequent proceedings on the appeal to the Board, which was the very first time the Board became involved, did not cure the defect, because there the burden of proof rested with [the objectors]. Such burden should have been placed from the very beginning upon Meon, the applicant, who should have been required to establish its entitlement to a special exception before the Board in accordance with the provisions of the Zoning Ordinance.[12] Consequently, Meon Metal, Inc. is without a valid zoning permit allowing it to conduct a sheet metal manufacturing business on the subject premises.

We can find no fault with the conclusion reached by the trial court[13] and we will therefore affirm its order.

ORDER

AND NOW, this 21st day of July, 1982, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.

---

[12] A property owner seeking a use permit as a special exception has the initial burden of proving that the proposed use comes within the provisions of the ordinance and the objectors have the burden of establishing that the use would be detrimental to the health, safety and general welfare of the neighborhood. *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

[13] Where, as here, the lower court took additional evidence, our scope of review is limited to determining whether or not the court below abused its discretion or committed an error of law. *Cohen v. Zoning Board of Adjustment, City of Pittsburgh*, 53 Pa. Commonwealth Ct. 311, 417 A.2d 852 (1980).

Judge Mencer did not participate in the decision in this case.