William R. Lynch and Lillian Lynch, his wife; and Winston Network, Inc., Appellants v. The Urban Redevelopment Authority of Pittsburgh, Appellee.

Argued March 11, 1985, before Judge MacPhail, and Senior Judges Blatt and Barbieri, sitting as a panel of three.

*Richard G. Kotarba*, with him, *Kevin F. McKeegan, Meyer, Unkovic & Scott*, for appellants.

*Michael J. Scott*, with him, *Joseph Gariti, III*, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, August 21, 1985:

William R. Lynch, Lillian Lynch (Lynches), and Winston Network, Inc. (Winston), appeal here an order of the Court of Common Pleas of Allegheny County which dismissed their appeal from a decision of the Urban Redevelopment Authority of Pittsburgh (Authority). The Authority's decision denied the Lynches permission to lease a portion of their property to Winston for the erection of a billboard advertising sign. We affirm.

The Lynches are the owners of property located at 6353 Penn Avenue in Pittsburgh. They acquired this property from the Authority by deed dated June 3, 1981 which was duly recorded in the Recorder of Deeds office in Allegheny County. The deed granted by the Authority to the Lynches contained several restrictive covenants, one of which stated that the Lynches would make no changes in the improvements to the property after the completion of the construction thereof which would constitute a major change in said improvements or in the utilization of the property except with the written approval of the Authority. Pursuant to their contract with the Authority, the Lynches proceeded to construct a two-story brick structure on the property and on November 24, 1982, the Authority issued a Certificate of Completion which was recorded in the Recorder of Deeds office

for Allegheny County. This certificate evidenced that the improvements constructed by the Lynches were completed in accordance with the Disposition Contract which they had signed with the Authority. Sometime thereafter, the Lynches leased a portion of this property to Winston for the purpose of erecting an outdoor billboard-type advertising sign. The property is in a M-3 Zoning District and an advertising sign as proposed by Winston is a permitted use in a M-3 district. In April 1983, Winston applied for an occupancy permit to erect its proposed billboard. The Pittsburgh Zoning Administrator informed it that no occupancy permit would be issued without the Authority's approval, although the sign proposed by Winston would meet the requirements of the zoning ordinance. On July 14, 1983, the Authority considered Winston's request for permission to erect the advertising billboard and, after discussion, the Authority denied the request. Both the Lynches and Winston appealed the denial to common pleas court which dismissed the appeal on January 27, 1984.

In this appeal, the Lynches and Winston, collectively referred to as ''Appellants,'' contend that (1) the restrictive covenants contained in the deed do not give the Authority the power to prohibit the erection of the advertising billboard in question; (2) assuming that the covenant did indeed give the Authority such power, the Authority abused its discretion when it refused permission to erect the billboard; and (3) the Authority's refusal to grant approval for the erection of the billboard constitutes an unconstitutional restraint upon speech. As no record was made before the Authority and the common pleas court decided the case on a stipulation of facts entered into by the parties, our scope of review is to determine whether the common pleas court abused its discretion or committed an error of law. *Schultz v. Zoning Hearing Board*

*of West Wyoming Borough,* 67 Pa. Commonwealth Ct. 552, 447 A.2d 1075 (1982).

We shall first address Appellants' contention that the covenant contained in the deed conveying the property from the Authority to the Lynches did not retain a power in the Authority to prohibit the erection of an advertising billboard as proposed by Winston. The Lynches' deed contains the following covenant upon which the Authority relies as its basis to prohibit the erection of the billboard in question:

> The Grantee [Lynches], for itself and its successors and assigns, to or of the Property or any part thereof, shall:
>
> . . . .
>
> (f) Make no changes in the Improvements after the completion of the construction thereof which would constitute a major change in said Improvements *or in the utilization of the Property* except with the written approvals of the Grantor [Authority]. . . . (Emphasis added.)

This covenant was of a limited duration and would expire after twenty years from the date the Lynches acquired the property from the Authority.

Appellants argue that by its terms, the Authority's right of approval only comes into play when there is a change to the Improvements which the Lynches constructed on the property. Appellants argue that the only "Improvement" to which the restriction applies is the two-story brick building which is currently utilized as a tavern. The billboard proposed by Winston would be free standing and not touch the existing building. Since the billboard would not alter the existing building in any way, Appellants conclude, the Authority has no right under the covenant to prohibit its erection.

We do not view the term "Improvements" as used in the restrictive covenant as narrowly as do Appel-

lants. While we acknowledge that covenants which restrict a property owner's free and full enjoyment of his property are not favored by the law and that such covenants are to be strictly construed against the grantor with every doubt and ambiguity resolved in favor of the owner, *Jones v. Park Lane for Convalescents,* 384 Pa. 268, 120 A.2d 535 (1956), we must also construe such covenants as to give effect to the intention of the parties as ascertained from consideration of the surrounding circumstances, the parties' situation, the objects they apparently had in view, and the nature of the subject matter. *Lipsie v. Dickey,* 375 Pa. 230, 100 A.2d 370 (1953); *Leh v. Burke,* 231 Pa. Superior Ct. 98, 331 A.2d 755 (1974); *Oakwood Park Townhouse Ass'n v. Wideman,* 19 Pa. D. & C. 3d 263 (C.P. Luzerne 1981).

The Authority's conveyance of this property to the Lynches was part of a redevelopment plan for this area. The Authority was created to rectify inner city blight by acquiring properties, demolishing properties, and selling those properties to those persons who agree to develop those properties in accordance with its redevelopment plan. The term "Improvements" as used in the covenant refers to not only the building constructed by the Lynches, but, as seen in the Authority's Disposition Contract, with the planned use of the entire parcel. Pursuant to another covenant contained in their deed from the Authority, the Lynches agreed not only to develop their property in accordance within the dictates of the applicable zoning ordinances but also in accordance with the Disposition Contract which was of record. The intent of the parties at the time they entered into this conveyance was that the covenant would require the Authority's written approval on any major change in the property as developed by the Lynches or in the utilization of that property. While the proposed billboard

would be free standing, it would still be situated on the parcel conveyed by the Authority, specifically on part of the parking lot currently used by the tavern. Accordingly, we hold that the erection of the billboard would constitute a change in the Improvement contemplated by the covenant. The question now becomes whether it is a major change in the improvements or the utilization of the property so as to require the Authority's written approval. We think it is.

There is no dispute that the erection of the billboard would impose an additional use upon the property. While the current use as a tavern may not be curtailed, the property will be a multi-use property rather than a single use property. We agree with the Authority that the erection of a seventy-two foot high billboard constitutes a major change in the utilization of the property. Therefore, under the terms of the covenant, the Authority's written approval was required before such a billboard could be erected.

Appellants next contend that the Authority abused its discretion when it denied them approval for erection of the billboard. Specifically, Appellants argue that since Winston's proposed billboard met all of the objective requirements of the zoning ordinance, the Authority's denial of approval for its construction must constitute an abuse of discretion. We disagree.

It is clear from the restrictive covenant that the Authority is given broad discretion over what changes in improvements or utilization of the Lynches' property which it may approve. It is also clear that this power of approval lasts only twenty years from the date of the conveyance. In reviewing the discretionary acts of an agency, we are limited to determining whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's functions or duties. The fact that a reviewing court may have a different opinion is not suffi-

cient to interfere with an agency's action as judicial discretion may not be substituted for administrative discretion. *Kerbeck v. Department of Transportation*, 74 Pa. Commonwealth Ct. 300, 459 A.2d 908 (1983). Administrative action will only be found to be arbitrary and capricious where it is unsupportable on any rational basis because 'there is no evidence upon which the action may be logically based. *Carlisle Paper Box Co. v. NLRB*, 398 F.2d 1 (3d Cir. 1968); *Board of Public Education of the School District of Pittsburgh v. Thomas*, 41 Pa. Commonwealth Ct. 490, 399 A.2d 1148 (1979).

The common pleas court specifically found that the Authority's denial of consent for the erection of Winston's billboard to be reasonable. Slip. Op. at 2. As noted by the common pleas court, the restrictive covenant was included in the Lynches' deed to give the Authority the power, once it had commenced a redevelopment plan, to prevent the blight cycle from beginning anew. The Authority concluded that the billboard, when viewed in relationship to the redevelopment plan for the entire area, would not be compatible. On the basis of the facts now before us, we cannot say that the Authority acted unreasonably.

In upholding the reasonableness of the Authority's action, we must also emphasize that we are dealing with a restrictive covenant which was placed in a deed by the Authority as part of its redevelopment plan for the area in question. The restriction on the Lynches' use of their property arises from that restrictive covenant and the Authority's redevelopment plan, the provisions of which the Lynches specifically agreed to abide by when they took title to their property. We distinguish this set of facts from the cases cited by the Appellants which deal with restrictions placed upon property by zoning ordinances which we find inapplicable to the case at bar. The restrictions

upon the use of the property, which were to last for twenty years, were part of the bargain which the Lynches made with the Authority when they purchased the property and agreed to be bound by the terms of the restrictive covenants and the Disposition Contract.

We now turn to Appellants' final contention which is that the Authority's refusal to approve the erection of the billbord constitutes an impermissible restraint upon speech in violation of the First Amendment. This contention, too, must be rejected. The Authority did not ban advertising or signs from the Lynches' property, it only rejected a specific proposal for a fourteen by forty-eight foot billboard which would rise to a height of seventy-two feet. The decision of the United States Supreme Court in *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490 (1981), cited by Appellants, lends support to the Authority's action. In *City of San Diego,* the Supreme Court recognized a municipality's legitimate interest in protecting esthetics and specifically recognized that billboards, by their very nature, wherever located and however constructed, can be perceived as an "esthetic harm." *Id.* at 510. As long as the prohibition on billboards is not a public rationalization of an impermissible purpose, *i.e., t*he suppression of speech, the restriction is permissible. *Id.*

There is no allegation here that the Authority, by denying approval for Appellants' billboard, is seeking to suppress speech. To the contrary, Appellants readily concede that esthetical considerations were the sole reason for the Authority's denial of approval. In *Metromedia, Inc. v. Mayor & City Council of Baltimore,* 538 F. Supp. 1183 (D. Md. 1982), the Federal District Court overturned a Baltimore ordinance which prohibited commercial messages on signs but permitted signs identifying the occupants of buildings. While it recognized Baltimore's interest in esthetics and in-

dicated that its regulation of sign placement and style was permissible, the district court found that the ordinance, by permitting some signs and not others, unconstitutionally restricted speech and was invalid.

The Authority's action here is much less onerous than that taken by the municipalities in *City of San Diego* and *Mayor and City Council of Baltimore,* both of which involved totals bans on certain types of signs. Here, the Authority only denied its approval for one specific sign at one specific location which it determined did not esthetically fit into its redevelopment plan for this particular area of the city. We cannot, as Appellants urge, equate this action with a total ban on billboards or advertising. Accordingly, we conclude that there was no unconstitutional restraint on speech resulting from the Authority's denial of approval for the billboard and that Appellants' constitutional challenge is without merit.

Having found no abuse of discretion nor errors of law committed, we shall affirm the order of the Court of Common Pleas of Allegheny County.

ORDER

Now, August 21, 1985, the order of the Court of Common Pleas of Allegheny County at Docket No. SA-455 of 1983, dated January 27, 1984, is hereby affirmed.