ADAMS COUNTY INTERFAITH
HOUSING CORPORATION,
Petitioner

v.

PREVAILING WAGE APPEALS
BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 1, 2009.
Decided July 9, 2009.
Publication Ordered Sept. 29, 2009.

Scott F. Cooper, Philadelphia, for petitioner.

James A. Holzman, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH-RIBNER, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge SMITH-RIBNER

Adams County Interfaith Housing Corporation (ACIHC) petitions for review of the order of the Pennsylvania Prevailing Wage Appeals Board (Board) denying ACIHC's grievance from a refusal by the Secretary of Labor and Industry (Secretary), through the Bureau of Labor Law Compliance (Bureau), to promulgate a wage rate classification for "Residential Construction" under the Pennsylvania Prevailing Wage Act (Act)[1] and apply it to ACIHC's project involving renovation of nine to ten units of residential housing for persons with disabilities (Project). Specifically, ACIHC wants residential construction wage rates under provisions of an act known as the Davis–Bacon Act in 40 U.S.C. § 3142(a) to be applied to the Project based upon legislative intent and the circumstances of this case.

ACIHC raises the following questions. It asks whether the Secretary violated the Act by failing to promulgate residential wage rates; whether his refusal to apply federal residential rates was arbitrary and capricious; whether it violated equal protection where federal residential rates were applied to other projects based on the same guidelines; whether the Davis–Bacon Act and the HOME Investment Partnerships Program (HOME)[2] pre-empt application of higher Pennsylvania rates; and whether the Board erred in concluding that ACIHC could not file a grievance.

ACIHC is a private, non-profit organization that provides affordable housing to low-income persons in and around Adams County, with funding mainly through programs administered by the United States Department of Housing and Urban Development. ACIHC plans to renovate a building in Gettysburg, Adams County, to provide affordable housing for persons with disabilities. The building, "Anthony's Place," would contain nine to ten units and be less than four stories in height. The Project is financed in part by a $500,000 federal HOME grant. In 2006 ACIHC requested a predetermination of prevailing wage rates that applied to the Project, and on November 28, 2006 the Bureau notified ACIHC that state rates for the classification of "Building Construction" applied. Federal law recognizes four construction classifications (Residential, Building, Heavy and Highway), but Pennsylvania recognizes three (Building, Heavy and Highway).[3] Also, federal law requires applying Davis–Bacon residential rates to

---

1. Act of August 15, 1961, P.L. 987, as amended, 43 P.S. §§ 165-1–165-17.

2. HOME is authorized under the Cranston–Gonzalez National Affordable Housing Act, 42 U.S.C. §§ 12701–12898a. Section 286, 42 U.S.C. § 12836, incorporates Davis–Bacon rates and is enforced at 24 C.F.R. § 92.354(a), requiring that every contract for the construction of housing that includes twelve or more units assisted with HOME funds must use Davis–Bacon wage rates.

3. The United States Department of Labor All Agency Memorandum No. 130 (March 17, 1978), provides: "Residential projects for Davis–Bacon purposes are those involving the construction, alteration, or repair of single family houses or apartment buildings of no more than four (4) stories in height." Reproduced Record at 46a.

federally subsidized residential construction containing twelve or more units, but it is silent regarding those projects containing fewer units.

On December 1, 2006, ACIHC objected to the Bureau's prevailing-rate predetermination notice, arguing that the Bureau should apply Davis–Bacon residential rates and noting that in 2000 those rates were applied to non-student housing that is less than four stories high. The Bureau denied ACIHC's objection, and it requested reconsideration. On February 5 and 6, 2007, ACIHC advertized a request for proposals for the Project and asked contractors to submit bids using the state Building Construction rates and the Davis–Bacon residential rates. Using the state rates increased the Project's cost by 40 percent, or $290,664. On February 20, 2007, the Bureau denied reconsideration and stated as follows:

> Labor and Industry utilizes federal residential rates *only* for university housing. . . .
>
> The Bureau has *not* adopted residential rates for other construction in the Commonwealth. The Bureau does not apply residential rates to other construction according to its wide legal discretion to issue and determine rates. . . .
>
> The Bureau is not bound by the issuance of federal Davis–Bacon residential rates for non-student housing in 2000. . . .

Reproduced Record (R.R.) at 10a (emphasis original).

ACIHC timely filed a grievance with the Board, which it denied. The Board first determined that "qualitative challenges to wage rates" had to be filed as an appeal under Section 8 of the Act, 43 P.S. § 165–8, and that ACIHC waived its right to object to the predetermination by filing a grievance under Section 2.2(e) of the Act, added by Section 3 of the Act of August 9, 1963, P.L. 653, 43 P.S. § 165–2.2(e). It found no discriminatory effect or evidence of a discriminatory purpose. Moreover, ACIHC's involvement in the Project was insufficient to establish that it is "similarly situated to others who may be involved in state-wide college residential housing construction for purposes of setting prevailing wage rates." Board's Opinion, p. 11. As to the claim that the Bureau's failure to issue residential rates under 34 Pa.Code § 9.105(d) [4] was arbitrary and capricious, the Board stated in relevant part as follows:

> [T]he courts have held that the Secretary has broad discretion under 34 Pa. Code § 9.105 in promulgating wage rates. "The determination of prevailing wages is an act largely committed to the Secretary's legislative[ly] authorized discretion. . . . The Secretary's exercise of discretion is not subject to reversal, absent proof of fraud, bad faith or a blatant abuse of discretion." [*IBEW, Local Union No. 98 v. Department of Labor and Industry*, 816 A.2d 1220, 1223 (Pa. Cmwlth.2003)]. . . .
>
> As there is no indication of a flagrant abuse of discretion, fraud, or bad faith in failing to issue separate residential rates, it is not up to us to substitute our own discretion for that of the Secretary or the Bureau. . . .

---

4. 34 Pa.Code § 9.105(d) provides as follows:
   The Secretary will conduct a continuing program for obtaining and compiling of wage rate information and shall encourage the voluntary submission of wage rate data by contractors [and others], reflecting wage rates paid to workmen in the various types of construction in the locality. Rates shall be determined for varying types of projects within the entire range of work performed by the building and construction industry.

Board's Opinion, p. 13. The Board found no clear legislative intent to preempt the state wage rates and that the state and federal acts complemented each other.[5]

## I

■ ACIHC argues that the Bureau violated the Act and 34 Pa.Code § 9.105(d) by failing to issue a prevailing wage rate for Residential Construction.[6] Under 34 Pa.Code § 9.105(d), the Bureau must determine wage rates "for varying types of projects within the entire range of work performed by the building and construction industry." ACIHC maintains that because residential construction is "within the entire range of work performed" by

the industry, the Secretary's refusal to issue residential rates is a *per se* violation of 34 Pa.Code § 9.105(d).

ACIHC next argues that the Secretary's refusal to act was arbitrary and capricious inasmuch as the Project is federally funded and the applicable wage rates therefore cannot exceed Davis–Bacon residential rates. In Pennsylvania State Building and Construction *Trades Council, AFL–CIO v. Prevailing Wage Appeals Board,* 722 A.2d 1139 (Pa.Cmwlth.1999) (*State Trades Council*), the Court held that the Secretary abused his discretion and violated 34 Pa.Code § 9.105(d) when he excluded all public work projects from a statewide pre-

---

5. The Court's review is limited to determining whether constitutional rights were violated, errors of law were committed, necessary findings of fact are supported by substantial evidence and whether a Board procedure or practice was not followed. 2 Pa.C.S. § 704; *Butler Balancing Co., Inc. v. Department of Labor and Industry, Prevailing Wage Appeals Board,* 780 A.2d 840 (Pa.Cmwlth.2001).

6. The Court concludes that ACIHC has not waived its right to challenge the Secretary's refusal to issue Pennsylvania Residential Construction rates or to adopt Davis–Bacon residential rates by failing to file a petition under 43 P.S. § 165–8 and instead filing a grievance under 43 P.S. § 165–2.2. Under Section 2.2(a) of the Act, 43 P.S. § 165–2.2(a), the Board may hear grievances arising out of the administration of the Act. ACIHC claims that its dispute is a grievance under 34 Pa.Code § 213.8(a)(3), which provides that a grievance governs "[d]isputes concerning the proper interpretation or application of the act or regulations thereunder." On the other hand, 34 Pa.Code § 213.3(a) provides that "[a] party ... may file an appeal ... from the Secretary's final determination in proceedings conducted under section 8 or 11[,]" and Section 8 of the Act, 43 P.S. § 165–8, provides that a petition challenging the Secretary's predetermination shall set forth the facts upon which it is based. ACIHC contends that a Section 8 appeal is irrelevant. Also, the Bureau's February 2007 letter to ACIHC instructed it to file a grievance to challenge the Bureau's deci-

sion. The Bureau replies that under *Linde Enters., Inc. v. Prevailing Wage Appeals Board,* 676 A.2d 310 (Pa.Cmwlth.1996), Section 8 provides the sole remedy for qualitative challenges to wage rates, which ACIHC failed to follow.

ACIHC correctly filed a grievance to challenge the Secretary's refusal to promulgate a residential classification or to adopt Davis–Bacon rates. *See Pennsylvania State Building and Construction Trades Council, AFL–CIO v. Prevailing Wage Appeals Board,* 722 A.2d 1139 (Pa.Cmwlth.1999) (adjudicating grievance from Secretary's determination to exclude wage data from public work projects in statewide wage survey). ACIHC's dispute involves interpreting 34 Pa.Code § 9.105(d) and whether the Secretary in his discretion could exclude an entire classification from the wage rate structure. Thus a grievance was appropriate under 34 Pa.Code § 213.8(a)(3) (relating to disputes over interpretation and application of the Act).

The Court agrees that a petition under 43 P.S. § 165–8 is intended for challenging the factual bases of a wage rate determination. *See Keystone Chapter of Associated Builders & Contractors, Inc. v. Department of Labor and Industry,* 51 Pa.Cmwlth. 586, 414 A.2d 1129 (1980) (contesting factual accuracy of rates by presenting evidence on number of workers, hourly rate and labor agreements). The Court simply held in *Linde* that the contractor who did not challenge the Secretary's rate when issued was not excused for not knowing when and how to appeal.

vailing wage survey. ACIHC asserts that the Secretary's refusal to act here lacked any rational basis and that the unreasonableness of the predetermined rate is demonstrated by the fact that it would increase Project costs by 40 percent.

ACIHC also claims an equal protection violation. Citing *Fitzgerald v. Racing Ass'n of Central Iowa*, 539 U.S. 103, 123 S.Ct. 2156, 156 L.Ed.2d 97 (2003), ACIHC submits that the principles of equal protection are not met when no plausible policy reason exists for the classification or the relationship of the classification to its goal is arbitrary or irrational. Noting that the Bureau applies Davis–Bacon rates to married-student housing, ACIHC submits that no legal basis can exist to treat the poor and disabled less favorably than the married students. The 1978 United States Department of Labor Memorandum No. 130 recommended that Davis–Bacon residential rates be applied to married-student housing as well as to a small-scale apartment building.

On the issue of preemption, ACIHC argues that the federal housing policy preempts the Secretary's decision. Citing *Gade v. Nat. Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 102, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992), ACIHC submits that any state law interfering with federal law must yield and that a state law conflicts with federal law when "the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Although Davis–Bacon rates are not required for federally subsidized residential projects containing fewer than twelve units, ACIHC asserts that the purpose of this so-called "small project" exception is to reduce, not increase, costs in order to help small contractors gain experience on smaller projects to allow them to become more competitive for larger projects; ap-

plying higher state rates to the projects falling under the exception would run counter to the federal policy. Further, the Secretary's decision is barred under 24 C.F.R. § 965.101, which provides that state rates that are higher than federal rates in the same geographical area are to be deemed inflated and preempted.

The Bureau responds that according to *Borough of Youngwood v. Pennsylvania Prevailing Wage Appeals Board*, 596 Pa. 603, 947 A.2d 724 (2008), the stated purpose of the Act is to protect workers on public work projects from substandard pay by assuring that they receive prevailing minimum wages and that any exceptions to prevailing wage coverage are narrowly construed. The Bureau points out that the Davis–Bacon rates are not required because the Project contains fewer than twelve units. It contends that the Secretary has discretion to determine wage rates and does not have to promulgate specific regulations for the Project. Also, under 34 Pa.Code § 9.105 and *IBEW, Local Union No. 98*, the Secretary is not required to consider federal policy reasons or to use Davis–Bacon rates.

According to the Bureau, ACIHC did not meet its burden to rebut the presumption that the Secretary's wage rates were appropriate. ACIHC failed, *inter alia*, to propose and justify alternative rates, to address Adams County wage rates and to address differences between student housing and Anthony's Place as well as differences between private developers and the State System of Higher Education. Moreover, ACIHC provided no facts to show the Secretary's abuse of discretion, bad faith or fraud, and the issuance of Davis–Bacon rates in 2000 is not binding.

With regard to ACIHC's equal protection claim, the Bureau submits that ACIHC failed to establish that the Bureau did not treat like persons in like circum-

stances similarly under standards enunciated in *Correll v. Department of Transportation, Bureau of Driver Licensing,* 726 A.2d 427 (Pa.Cmwlth.1999). The Bureau argues that under *Correll* the Act survives equal protection scrutiny if it bears a rational relationship to proper legislative purpose and is neither arbitrary nor discriminatory: the Secretary's exercise of discretion under the Act in the case *sub judice* bears a rational relationship to the goal of protecting workers from substandard pay. The Bureau contends that ACIHC also failed to demonstrate that the Bureau's enforcement had a discriminatory effect or motive, *i.e.,* ACIHC failed to prove, *inter alia,* that the Bureau used an arbitrary standard or that apartment construction was targeted for different treatment. The Bureau also contends that ACIHC failed to address whether using residential rates for low-income housing but not for high-income housing violated equal protection.

Lastly, the Bureau submits that the regulation at 24 C.F.R. § 965.101 cited by ACIHC is irrelevant as it applies only to a public housing agency, and the Act generally known as the United States Housing Act of 1937, 42 U.S.C. §§ 1437 et seq., under which the regulation was promulgated, does not govern HOME grants. Echoing the Board's position, the Bureau maintains that under *Keystone Chapter of Associated Builders & Contractors, Inc. v. Department of Labor and Industry,* 51 Pa. Cmwlth. 586, 414 A.2d 1129 (1980), the Davis–Bacon Act contains no express preemption language and that a complementary scheme of federal and state prevailing wage laws allows states to impose more stringent prevailing wage requirements.

## II

■ The Court begins its analysis by observing that the Secretary's duty under

Section 7 of the Act, 43 P.S. § 165–7, is to "determine the general prevailing minimum wage rate in the locality in which the public work is to be performed for each craft or classification of all workmen needed to perform public work contracts during the anticipated term thereof ..." To facilitate that determination, the implementing regulation provides that the Secretary "will conduct a continuing program for obtaining and compiling of wage rate information ... reflecting wage rates paid to workmen in the various types of construction in the locality." 34 Pa.Code § 9.105(d). It further provides that "[r]ates *shall be determined for varying types of projects* within the entire range of work performed by the building and construction industry." *Id.* (emphasis added). At a minimum, it requires the Secretary to determine what comprises "varying types of projects within the entire range of work." The Secretary has discretion to decide what comprises varying types of projects, but such determination must not be arbitrary and capricious.

In *State Trades Council* the Court reiterated the rule that the exercise of administrative discretion will not be overturned unless the exercise is arbitrary or capricious. In that case however the Secretary's decision was overturned as he abused his discretion by deliberately excluding all public work projects from a statewide prevailing wage survey, focusing solely on private projects, and by failing to collect wage rate information from "significant types of work within the entire range of projects performed in the building and construction industry." *Id.,* 722 A.2d at 1143. The Secretary's decision to exclude all public work projects was premised on the theory that the data was unreliable and would distort the survey results. The Court concluded that the Secretary's decision "corrupted" the survey.

The Court has explained that an agency's action is not arbitrary merely because it fails to effectuate a policy in the most effective or efficient manner, but the action must have "some rational basis." *Board of Public Education of School District of Pittsburgh v. Thomas,* 41 Pa.Cmwlth. 490, 399 A.2d 1148, 1150 (1979). In *Lynch v. Urban Redevelopment Authority of Pittsburgh,* 91 Pa.Cmwlth. 260, 496 A.2d 1331, 1335 (1985), the Court explained that an administrative action will be "found to be arbitrary and capricious where it is unsupportable on any rational basis because there is no evidence upon which the action may be logically based."

In the case *sub judice,* the Secretary offered no reasoning whatsoever for refusing to promulgate a Residential Construction classification and to apply Pennsylvania residential rates to the Project; instead, he relied on a naked assertion that he has the discretion to do so. Equally unexplained is the Bureau's decision in 2000 to apply Davis–Bacon residential rates for a non-student housing project containing four units and less than four stories in height in Adams County. The Secretary's discretion, although it may be broad, is not unfettered. *See Department of Labor and Industry v. Altemose Constr. Co.,* 28 Pa.Cmwlth. 277, 368 A.2d 875 (1977) (holding that delegating legislative power to the Secretary was constitutional because adequate standards under the Act guide the exercise of his duties and that the Secretary must consider determinative factors in ascertaining a wage rate).

A necessary implication of the Secretary's action is that he determined all Residential Construction—with the exception of student housing—*not* to be one of the "varying types of projects within the entire range of work performed" by the industry under 34 Pa.Code § 9.105(d). Although the Secretary has the discretion to make such determination, as discussed earlier, that determination must have some rational basis. *State Trades Council; Board of Education; Lynch.* The Secretary offered no rational basis for his refusal, which therefore constitutes arbitrary and capricious action. The Bureau claims that promulgating a residential classification would require a statewide survey that would be too burdensome, but that claim was never raised below, and in any event 34 Pa.Code § 9.105(d) directs the Secretary to compile wage rate information on an ongoing basis.

The Court also concludes based on its review of this matter that the Secretary's refusal to apply Davis–Bacon residential rates constituted an abuse of discretion under the foregoing cited case authorities. Had Anthony's Place planned twelve units or more, the Secretary would have been required to apply Davis–Bacon rates. The exception for residential projects with fewer than twelve units is based upon a policy to help small, local contractors to gain experience on small projects and to help *lower* their costs: "Small, local contractors can work on single family units or small rental projects while gaining experience before taking on a larger project with Davis Bacon requirements." Final Rule on HOME Investment Partnership Program, 61 Fed.Reg. 48747, 48748 (Sept. 16, 1996) (commenting on 24 C.F.R. § 92.354). The Bureau does not deny the legislative intent underlying the exception or that the Project's cost will be 40 percent higher under the Secretary's predetermined wage rates. Nevertheless, the Secretary not only ignored this policy but subverted it by applying rates that would increase the Project's costs.

The Secretary may adopt Davis–Bacon residential rates for the Project under 34 Pa.Code § 9.105(c)(1), which provides that the Secretary may consider:

[i]nformation obtained from Federal agencies charged with the administration of labor standards provisions of Federal acts applicable to contracts covering contractors and subcontractors on public building and public work and on building and work financed in whole or in part by loans and grants of the United States, within the locality.

As noted in *State Trades Council,* Davis–Bacon wage rates were established to implement the requirement that "wages paid on federal public work projects equal wages paid in the project's local area on similar, private construction jobs." *Id.,* 722 A.2d at 1140 n. 2. The Bureau does not argue that Davis–Bacon rates would be considered substandard in Adams County. In its February 2007 letter the Bureau stated that "Davis Bacon wages are *not* required for this project because only 9 rental units are being constructed." R.R. at 9a. The Secretary offers no logic for subverting legislative intent underlying the exception that he cites as a basis for refusing to apply the Davis–Bacon rates.

The arbitrariness of the Secretary's action becomes further discernible when it is viewed in light of the fact that the Secretary applies Davis–Bacon residential rates for college dormitories that are four stories or less in height and for married-student housing. The criteria for college-student housing that is four stories or less in height or for married-student housing come from the 1978 United States Department of Labor memorandum describing the types of projects that should receive Davis–Bacon residential rates: *"Examples [of residential construction]:* Town or row houses/ *Apartment buildings (4 stories or less)* /Single family houses/Mobile home developments/ Multi-family houses/ *Married student housing."* R.R. at 49a (emphasis added). The Secretary offers no rational basis for applying Davis–Bacon rates for one type of project relying upon a

federal guideline but not to another type of project contained in the same guideline. *Lynch.*

Based upon the Court's analysis of the very difficult issues presented, it is evident that an error has occurred in this case and that at a minimum the Court should vacate the Board's order and remand this matter for the Secretary to explain adequately the basis for his refusal to promulgate a wage rate classification for Residential Construction under the Act or to apply Davis–Bacon residential rates to the Project. Simply invoking the Secretary's discretion is not enough. On remand, the Secretary is to indicate the wage rate information on which he relies pursuant to 34 Pa.Code § 9.105(d). In the absence of some rational basis for his refusal to promulgate a wage rate classification for Residential Construction under the Act or to apply Davis–Bacon residential rates, the Secretary shall at a minimum apply Davis–Bacon residential rates to the Project as ACIHC has requested.

### ORDER

AND NOW, this 9th day of July, 2009, this Court vacates the order of the Prevailing Wage Appeals Board denying the grievance of the Adams County Interfaith Housing Corporation and remands this matter to the Secretary of Labor and Industry for purposes specified in the foregoing opinion.

Jurisdiction is relinquished.

### DISSENTING OPINION BY Judge BUTLER.

I respectfully disagree with the majority's holding that "an error has occurred in this case and that at a minimum the Court should vacate the Board's order and remand this matter for the Secretary to explain adequately the basis for his refusal

to promulgate a wage rate classification for Residential Construction under the [Pennsylvania Prevailing Wage] Act [ (Act) [1]] or to apply Davis–Bacon residential rates to the project."

Initially there is no justification for defaulting to the Davis–Bacon rates when Davis–Bacon clearly does not apply. There is no dispute that the Davis–Bacon Act, 40 U.S.C. § 3142(a), applies to federally subsidized residential projects containing twelve or more units, and the project at issue, Anthony's Place (Project), contains nine or ten units. In addition, the majority holds that the Secretary of the Department of Labor and Industry (Secretary) ignored and subverted the policy behind the Davis–Bacon rates by applying rates that would increase the Project's costs. The policy behind excluding projects with fewer than twelve units from Davis–Bacon rates is to help small local contractors gain experience on small projects and help *lower* their costs. This policy, however, runs contrary to the policy behind the Act. The policy behind the Act has been reiterated by this Court as follows:

> [W]e observe that the purpose of the Act is to *protect workers employed on public projects from substandard pay* by ensuring that they receive the prevailing minimum wage. Every public body that engages in the construction of a public work project must receive a determination from the Secretary as to the prevailing minimum wage rates to be paid to workers.

*IBEW, Local Union No. 98 v. Dep't of Labor & Indus.*, 816 A.2d 1220, 1222 (Pa.

Cmwlth.2003) (citation omitted) (emphasis added).

As the majority correctly states, the duty of the Secretary under Section 7 of the Act, 43 P.S. § 165–7, is to "determine the general prevailing minimum wage rate in the locality in which the public work is to be performed for each craft or classification of all workmen needed to perform public work contracts during the anticipated term thereof. . . ." Adams County Interfaith Housing Corporation (ACIHC) requested a predetermination of prevailing wage rates that applied to the Project, and on November 28, 2006 the Bureau of Labor Law Compliance (Bureau) notified ACIHC that state rates for the classification of "Building Construction" applied, thereby fulfilling the Secretary's duty. Accordingly, a remand is not warranted for the Secretary to explain the basis of his decision, as he did not abuse his discretion.[2]

ACIHC, upon dissatisfaction with said prevailing wage rate, should have filed a petition under Section 8 of the Act (Section 8), 43 P.S. § 165–8, within ten days of the determination, instead of filing a grievance under Section 2.2(e) of the Act, 43 P.S. § 165–2.2(e) on March 1, 2007. Section 8 is very specific in the procedure for obtaining a review of a rate determination. Moreover, 34 Pa.Code § 213.8(a) specifically states: "[u]nder section 2.2(e) of the act . . . the Board will hear and determine grievances arising out of the administration of the act. *Appeals from determinations of the Secretary are excluded* from review under this section." (Emphasis added).

---

1. Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165–1–165–17.

2. The Secretary, having discretion to issue prevailing wage rates, could only have abused

his discretion by going outside the three rates already established, i.e., building, heavy and highway, having not done so, he was well within his discretionary authority.

The majority states in a footnote that ACIHC has not waived its right to appeal the rate determination because the Bureau's February 2007 letter to ACIHC instructed it to file a grievance to challenge the Bureau's decision. However, the letter actually stated:

An interested party may file a grievance with the Prevailing Wage Appeals Board challenging this opinion.... An interested party may also *seek a hearing challenging a rate determination within 10 days from the publication and issuance of the specifications covering the contract for this project.* A party challenging Labor and Industry's prevailing wage rates has the evidentiary and legal burden of establishing alternative rates at a formal administrative hearing.

Reproduced Record (R.R.) at 11a (emphasis added). As the ACIHC was in fact challenging its rate, the correct procedure would have been to seek a hearing within ten days of the issuance of the rate wherein it would have the burden of establishing rates at a formal administrative hearing. That would have been the proper forum to introduce evidence such as the rates issued for married-student housing, as opposed to including it as an enumerated item in the grievance notice. R.R. at 1a–4a.

For all of these reasons, I respectfully dissent.

Judge SIMPSON joins in this dissent.

