Robert M. Kerbeck, Kerbeck Lincoln Mercury and Alexander A. Karpinski, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs April 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*William J. Wheeler,* for appellants.

*Glenn R. Davis,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, May 13, 1983:

A motor vehicle inspection station and a certified inspection mechanic have appealed from an order of the Philadelphia Court of Common Pleas affirming, after a hearing de novo, the actions of the Department of Transportation suspending for six months each the inspection station's certificate of appointment and the mechanic's certification as an inspection mechanic.

The appellants admitted at the hearing in the common pleas court that on or about July 20, 1981 the mechanic inspected four motor vehicles at the inspection station and affixed official inspection stickers, which stickers were authorized for attachment only to vehicles to be inspected during a period commencing August 1, 1981. The mechanic also recorded in the official state station inspection record that the inspections had been made August 1, 1981. The mechanic testified that the violations were occasioned by the station's having run out of stickers authorized for use before August 1, 1981.

While both the station and the mechanic are named as appellants, the written argument is directed only to the interests of the station. Its contention is that the court erred in concluding that the Department of Transportation had not committed an abuse of discretion by imposing a suspension instead of issuing a so-called consent warning pursuant to department regulation at 67 Pa. Code §175.221(8):

The Department, *in its discretion,* may permit the station to consent to the acceptance of a

warning in lieu of a first offense suspension if the station owner, appointee, and supervisors were without knowledge of the offense, and could not have known of the offense. The consent warning shall only be issued to stations which have had no suspendable offenses for a period of three years prior to the date of the offense which is being considered. *The station bears the burden of proving that it provided proper supervision of the employe who committed the offense, but that such supervision could not have prevented the offense.* Consent warnings replace the first offense suspension, and a second violation will be considered a second offense.... (Emphasis added.)

Unfortunately for the station, it did not bring itself within the allowance of the regulation because its evidence demonstrated that it in fact did not provide supervision of the employee who committed the offense. The station manager testified only that he issued work orders to the mechanic and that it was the responsibility of the mechanic to enter the fact of the use of the stamps in the state inspection record. The owner of the station testified that he did not have a policy of reviewing inspection records to determine whether or not the inspections were done properly because he "hired what I believe to be competent people, and that was my way to supervise it by hiring competent people to do the job."

We may overturn the discretionary acts of an agency where it has acted in bad faith, fraudulently, or capriciously or committed a manifest abuse of its power. *Goodman Appeal,* 425 Pa. 23, 227 A.2d 816 (1967). This record plainly did not support an order overturning the agency's action, as the common pleas court held.

Order affirmed.

## ORDER

AND Now, this 13th day of May, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.