# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Apache's Auto Clinic                                 :
                                                     :
                      v.                             :   No. 1014 C.D. 2018
                                                     :   Argued:  June 6, 2019
Commonwealth of Pennsylvania,                        :
Department of Transportation,                        :
Bureau of Motor Vehicles,                            :
                                                     :
                            Appellant                :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                      FILED:  May 1, 2020


          The Commonwealth of Pennsylvania, Department of Transportation,
Bureau of Motor Vehicles (Department), appeals from the June 15, 2018 order of
the Court of Common Pleas of Philadelphia County (trial court), which, after
remand, rescinded two, one-year suspensions of Apache's Auto Clinic's (Apache)
certificate of appointment (Certificate) as an official emissions inspection station[1]
and directed the Department to assign points in lieu of suspension, as authorized by

---

[1] The Department imposed the Certificate suspensions pursuant to Section 4724(a) of the
Vehicle Code (Code), 75 Pa. C.S. §4724(a), which provides:

> The [D]epartment shall supervise and inspect official inspection
> stations and may suspend the certificate of appointment issued to a
> station which it finds is not properly equipped or conducted or which
> has violated or failed to comply with any of the provisions of this
> chapter or regulations adopted by the [D]epartment.

75 Pa. C.S. §4724(a).

Section 177.602(b) of the Department's regulations, 67 Pa. Code §177.602(b). We reverse.

Apache is a motor vehicle repair shop located in Philadelphia and is certified to perform state emissions inspections. On June 4, 2015, the Department notified Apache that it was imposing two, consecutive one-year suspensions of Apache's Certificate for furnishing emissions certificates of inspection without conducting the emissions inspections (furnishing) and for fraudulent recordkeeping, and a $2,500.00 fine for each violation. Section 177.602(a)(1)(ii) and (iii) of the Department's regulations, 67 Pa. Code §177.602(a)(1)(ii), (iii); Reproduced Record (R.R.) at 37a-38a.

Apache filed a timely appeal to the trial court, which conducted a *de novo* hearing on June 8, 2016. Citing the testimony of Apache's employee, Sheldon Davis (Davis),[2] that he used a donor car to falsify inspection records, and the testimony of Apache's owner, Reginald Corbin (Corbin), that he did not know about the fraudulent inspections, the trial court determined that Davis alone had committed the violations of furnishing and fraudulent recordkeeping. However, the trial court denied Apache's appeal, noting that Section 4724(a) of the Code imposes strict liability on a station owner for the acts of its employees.[3] *McCarthy v. Department of Transportation*, 7 A.3d 346, 350 (Pa. Cmwlth. 2010); R.R. at 17a, 31a-36a.

Apache then appealed to this Court. Upon review, we rejected Apache's contention that the Department failed to meet its *prima facie* burden to prove the alleged violations by a preponderance of the evidence. We also rejected

---

[2] The record also refers to this individual as Charles An Selden-Davis, Inspector ID No. 29689621SE. R.R. at 72a.

[3] The trial court modified the suspensions to run concurrently rather than consecutively.

Apache's argument that the trial court erred in failing to find Apache culpable of lesser-included offenses.

However, we agreed with Apache that the Department's regulation at 67 Pa. Code §177.602(b) was applicable. In relevant part, the regulation states that if the station owner had no knowledge of the violation, the Department may permit the station owner to consent to the acceptance of a point assessment for the station in lieu of a suspension. 67 Pa. Code §177.602(b). We had previously interpreted that regulation as requiring the Department to at least *consider* the assessment of points and provide evidence of its consideration in all inspection cases,[4] and the record was silent as to this issue. Accordingly, by order dated July 24, 2017, we vacated that part of the trial court's order reinstating the suspensions, and we remanded the matter to the trial court to determine whether the Department considered assessing points in lieu of the suspensions. R.R. at 37a-47a.

At the February 28, 2018 remand hearing, the Department presented the testimony of field operations manager Troy Medford Roadcap (Roadcap), who oversees the Department's Hearing and Suspension Unit, Special Services Unit, Station Mechanic Unit, and Quality Assurance Unit. Roadcap stated that his duties included reviewing reports for potential emissions inspection violations and determining whether to impose a suspension for a violation or to assign points. R.R. at 53a.

Roadcap referenced Bureau Exhibit C-1, titled "Consideration of Point Assessment in Lieu of Suspension," which summarized the Department's reasons for not offering Apache points in lieu of a suspension. R.R. at 69a. He testified that the report was completed on May 28, 2015, by Pam Cover, a direct manager of the

---

[4] *McCarthy*, 7 A.3d at 353.

Hearing and Suspension Unit and his subordinate. Roadcap acknowledged that he was not involved in the decision to impose suspensions instead of assigning points to Apache, but said he reviewed Apache's case file in contemplation of the remand hearing. R.R. at 56a-57a.

Roadcap explained that in determining whether to assign points in accordance with 67 Pa. Code §177.602(b), the Department considers who was in charge of inspection activities at the station at the time the inspections were performed, i.e., the station owner or his designee. R.R. at 54a. He testified that an investigation was initiated by the Department's Quality Assurance Team, and on March 11, 2015, a fact-finding hearing was held at which testimony and other evidence was received. Roadcap said the witnesses' testimony confirmed that only one of Apache's inspectors, Davis, committed the violations. Consequently, the Department issued a notice of suspension to inspector Davis but did not sanction either Corbin or Apache's other inspector. R.R. at 55a.

Roadcap testified that the Department imposed the suspensions and fines on Apache instead of points because at the time of the violations, Davis was in charge of inspection activities at the station. Roadcap explained that supervision of a station ultimately falls upon the owner for all inspections performed and a station owner has the burden to show that either he, or his designee at the time of inspection, had no knowledge of the violations committed. R.R. at 55a.

Corbin also testified at the remand hearing. He firmly denied stating at the prior hearing that Davis was designated to be in charge at the station when Corbin was off-site. Corbin said if he had been asked, he would have answered that Davis "was not the manager. He was just a mechanic and inspector. In fact, after that [departmental hearing] he was fired." R.R. at 62a.

4

Corbin further testified that he did not designate anyone to be in charge when he was away from the station. He explained, "it's not that no one's in charge, it's everybody is supposed to do what they are supposed to do." R.R. at 62a.

In its June 15, 2018 order, the trial court found that the Department considered imposing points in lieu of suspension, that 67 Pa. Code §177.602(b) was applicable, and that the Department should have permitted Apache to consent to the acceptance of a point assessment in lieu of suspension. The trial court rescinded Apache's suspensions and instructed the Department to assign appropriate points as directed by 67 Pa. Code §177.602(b).[5]

On appeal to this Court,[6] the Department argues that the trial court erred in ordering the Department to assign points in lieu of suspension. The Department asserts that once it proved the violations, Apache bore the burden to present evidence that Corbin had properly supervised Davis. The Department maintains that Apache failed to satisfy its burden to show that the employee who committed the violations was properly supervised. We agree.

In relevant part, 67 Pa. Code §177.602(b)(1) provides:

> (b) Assignment of points. If the station owner, manager, supervisor or other management level employee was without knowledge of the violation, the Department may

---

[5] However, in an opinion filed October 19, 2018, the trial court acknowledged that the Department properly exercised its authority in declining to offer points in lieu of suspension. R.R. at 104a-105a. The trial court requested that this Court relinquish jurisdiction and remand the matter to the trial court for entry of an order reinstating the order of June 27, 2016, and adding a sentence indicating the trial court's finding that the Department considered imposing points in accordance with 67 Pa. Code §177.602(b).

[6] Our scope of review in inspection certificate suspension cases is limited to determining whether the trial court committed an error of law or whether its findings of fact are supported by substantial evidence. *Snyder v. Department of Transportation, Bureau of Motor Vehicles,* 970 A.2d 523, 526–27 (Pa. Cmwlth. 2009).

5

permit the station owner to consent to the acceptance of a point assessment for the station in lieu of suspension.

(1) The station owner bears the burden of proving that the station owner provided proper supervision of the employee who committed the violation, but that the owner's supervision could not have prevented the violation.

67 Pa. Code §177.602(b)(1). Thus, the regulation authorizes the assessment of points in lieu of suspension, and it imposes a burden upon a station owner to establish eligibility.

In *Kerbeck v. Department of Transportation, Bureau of Traffic Safety*, 459 A.2d 908, 909 (Pa. Cmwlth. 1983), the Department suspended an inspection station's certificate of appointment and a mechanic's certification as an inspector for six months each, based on admissions that the mechanic inspected four vehicles in July, affixed official inspection stickers for August to the vehicles, and recorded the inspections as having occurred in August. On appeal to the trial court, the station owner argued that the Department abused its discretion by imposing a suspension of the station's certificate instead of a consent warning, as allowed by a Department regulation. In relevant part, the regulation provided:

The Department, in its discretion, may permit the station to consent to the acceptance of a warning in lieu of a first offense suspension if the station owner, appointee, and supervisors were without knowledge of the offense, and could not have known of the offense. The consent warning shall only be issued to stations which have had no suspendable offenses for a period of three years prior to the date of the offense which is being considered. *The station bears the burden of proving that it provided proper supervision of the employe who committed the offense, but that such supervision could not have prevented the offense*.

459 A.2d at 909 (emphasis added).

6

The station owner testified that he did not have a policy of reviewing inspection records to determine whether or not the inspections were performed properly, explaining that he hired what he believed to be competent people, and hiring competent people was his way of supervising work at the station. *Kerbeck*, 459 A.2d at 909. The trial court affirmed the suspension. On further appeal, we held that the Department did not abuse its discretion in imposing the suspension because the station owner failed to demonstrate that he provided supervision of the employee who committed the offense. *Id.*

In this instance, the record reflects that the Department considered the assessment of points in lieu of a suspension. Specifically, Roadcap explained that the Department did not offer Apache points because Apache failed to present evidence of proper supervision. As in *Kerbeck*, Corbin's testimony established that there was no supervision of Davis or inspection activities in general when Corbin was not present at the station. R.R. at 61a-62a. Consequently, the trial court erred when it rescinded the suspensions of Apache's Certificate and directed the Department to assign points in lieu of the Certificate suspensions and fines.

Accordingly, we reverse the trial court's order and remand this matter to the trial court for entry of an order reinstating the Certificate suspensions and reflecting that the Department considered the imposition of points in accordance with 67 Pa. Code §177.602(b).

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Apache's Auto Clinic     :
               :
     v.      : 1014 C.D. 2018
               :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Motor Vehicles,   :
               :
        Appellant :

O R D E R

   AND NOW, this 1st day of May, 2020, the order of the Court of Common Pleas of Philadelphia County (trial court), entered June 15, 2018, is REVERSED and the matter is remanded to the trial court with direction to reinstate the one-year suspensions of the certification of Apache's Auto Clinic as an official emission inspection station imposed pursuant to Section 4724(a) of the Vehicle Code, 75 Pa. C.S. §4724(a).

   Jurisdiction relinquished.

            _____
            MICHAEL H. WOJCIK, Judge